FILED
APR 25 2008
CLERK

UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | | |
|---|---|---|
| JOHN L. FELLER, | ) | CIV. 08-4051-RHB |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| MINNEHAHA COUNTY JAIL, | ) | |
| MINNEHAHA COUNTY, CITY | ) | |
| OF SIOUX FALLS, STATE OF | ) | |
| SOUTH DAKOTA, SHERIFF, | ) | |
| and WARDEN DEVILEN, | ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff is an inmate at the Minnehaha County Jail in Sioux Falls, South Dakota. He brings this lawsuit pursuant to 42 U.S.C. § 1983, alleging a litany of grievances. Plaintiff also moves to proceed *in forma pauperis*.

### DISCUSSION

A.  Screening

The Court must review plaintiff's complaint under 28 U.S.C. § 1915(e)(2)(B) to determine whether the complaint is "frivolous or malicious," 28 U.S.C. § 1915(e)(2)(B)(i), "fails to state a claim on which relief may be granted," 28 U.S.C. § 1915(e)(2)(B)(ii), or "seeks monetary relief against a defendant who is immune from such relief," 28 U.S.C. § 1915(e)(2)(B)(iii). If the Court finds that the complaint falls under any of

§ 1915(e)(2)(B)'s provisions, the Court "shall dismiss the case at any time . . . ." Id. In addition to a review under § 1915(e)(2)(B), the Court shall screen the complaint in a civil action as soon as practicable pursuant to 28 U.S.C. § 1915A.

Section 1915A(a) provides that the Court "shall review, before docketing, if feasible or, in any event, as soon as practicable afer docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." Id. (1996). For reasons identical to those provided in § 1915(e)(2)(B), the Court shall dismiss the complaint under § 1915A if it is "frivolous, malicious, or fails to state a claim upon which relief may be granted," or if it "seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b)(1) & (2).

Plaintiff's complaint is based in large part on the alleged improper seizure of plaintiff's personal property. Under Eighth Circuit law, when a state actor deprives an inmate of personal property, that individual may not pursue relief under § 1983 if state law provides for an adequate post-deprivation remedy. See Butler v. Smith, 208 F.3d 217 (8th Cir. 2000). In the present case, South Dakota state law provides plaintiff with an adequate remedy to challenge the alleged improper seizure of his personal property. See Cody v. Leapley, 476 N.W.2d 257 (S.D. 1991). Thus, to the extent that plaintiff's complaint seeks relief for the alleged improper seizure of personal items, such relief is not available in this court under § 1983.

Plaintiff's complaint also states a claim for improper denial of medical services. It is true that the government has an "obligation to provide medical care for those who it is punishing by incarceration." Estelle v. Gamble, 429 U.S. 97, 103, 97 S. Ct. 285, 290, 50 L. Ed. 251 (1976). However, plaintiff does not allege that he has been denied medical care. His complaint makes it clear that jail medical staff has addressed his alleged infirmity. Plaintiff merely disagrees with the recommended course of treatment. It is well-settled that the right to medical treatment does not include the right to a prisoner's requested course of treatment. See Long v. Nix, 86 F.3d 761, 765 (8th Cir. 1996) ("Prison officials do not violate the Eighth Amendment when, in the exercise of their professional judgment, they refuse to implement a prisoner's requested course of treatment."); Vaughan v. Lacey, 49 F.3d 1344, 1346 (8th Cir. 1995) ("[A] disagreement as to the proper course of treatment . . . is not actionable under the Eighth Amendment."). Therefore, plaintiff's allegation of improper denial of medical services does not survive the Court's screening process.

With respect to all other issues raised by plaintiff in his complaint, the Court determines that under every conceivable legal theory, plaintiff fails to allege facts that would rise to the level of a valid § 1983 action. Accordingly, plaintiff's complaint is dismissed in its entirety.

B.  *In Forma Pauperis* **Determination**

28 U.S.C. § 1915(a)(1) and (2) provide in pertinent part as follows:

> [A]ny court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees or give security therefor. . . .
>
> A prisoner seeking to bring a civil action . . . without prepayment of fees or security therefor, in addition to filing the affidavit . . . shall submit a certified copy of the trust fund account statement . . . for the prisoner for the 6-month period immediately preceding the filing of the complaint . . . obtained from the appropriate official of each prison at which the prisoner is or was confined.

In accordance with § 1915(a)(1) and (2), plaintiff has submitted an affidavit to the Court showing that he is not presently employed and that he owns no valuable property. Plaintiff has also provided a certified prisoner trust account report verifying his account balance for the preceding six months. At the time the prisoner trust account report was filed, plaintiff's current balance was $.07, with an average monthly balance of $50.00. His average monthly deposits amount to $35.00. As such, plaintiff has satisfied his burden under § 1915(a)(1) and (2) to proceed *in forma pauperis*.

C.  **Conclusion**

Based upon the foregoing discussion, it is hereby

ORDERED that plaintiff John L. Feller's complaint (Docket #1) is dismissed without prejudice.

4

IT IS FURTHER ORDERED that plaintiff John L. Feller's motion to proceed *in forma pauperis* (Docket #2) is granted. Plaintiff is nonetheless obligated to pay the entire $350.00 filing fee.

IT IS FURTHER ORDERED that plaintiff John L. Feller shall pay, as a partial payment of his court fees, an initial partial filing fee of $10.00, which is 20 percent of the greater of the average monthly deposits to the prisoner's account or the average monthly balance in the prisoner's account for the six-month period immediately preceding the filing of his complaint.

IT IS FURTHER ORDERED that plaintiff John L. Feller shall be required to pay the applicable $350.00 filing fee in its entirety. The institution having custody of the plaintiff is hereby directed that whenever the amount in plaintiff's trust account exceeds $10, monthly payments that equal 20 percent of the funds credited the preceding month to the plaintiff's trust account shall be forwarded to the United States District Court Clerk's Office pursuant to 28 U.S.C. § 1915(b)(2), until the filing fee is paid in full.

Dated this 25th day of April, 2008.

BY THE COURT:

*Richard H. Battey*
RICHARD H. BATTEY
UNITED STATES DISTRICT JUDGE